1  Byron S. Hollins, SB# 113423
   Natalie Lahiji, SB#240298
2  HOLLINS & ASSOCIATES
   23801 Calabasas Road, Suite 100
3  Calabasas CA 91302-1597
   Phone:  818.223.0300
4  *Fax:     818.223.0310*

5  Attorneys for Defendants
   Thorndal Armstrong Delk Balkenbush & Eisinger,
6  a Nevada Corporation

7                 UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                       WESTERN DIVISION

10

   CONSTANTINO BASILE, an individual        Case no. 18-CV-08604-CJC-ADS
11
                   Plaintiff
12        v.                                DEFENDANT THORNDAL ARMSTRONG
                                            DELK   BALKENBUSH   &   EISINGER
13  THE LOS ANGELES FILM SCHOOL,            NOTICE OF MOTION AND MOTION TO
    LLC, D.B.A. THE LOS ANGELES             DISMISS;  MEMORANDUM  OF  POINTS
14  FILM SCHOOL; TWENTIETH                  AND AUTHORITIES
    CENTURY FOX FILM
15  CORPORATION, a Delaware
    Corporation; SCOTT FREE FILMS,
16  LLC., a California corporation, TMZ, a  Date:        January 9, 2019
    California corporation; SONY            Time:        10:00 a.m.
17  PICTURES ENTERTAINMENT, INC.,           Courtroom:   6B
    Delaware corporation; AMBLIN
18  ENTERTAINMENT, INC., a Delaware
    corporation; SONY PICTURES
19  TELEVISION, a Delaware Corporation,
    ONZA PARTNERS SL, ONZA
20  ENTERTAINMENT, a Spanish,
    Sociedad Limitada, Madrid, Spain;
21  KRIPKE ENTERPRISES, a California
    corporation, NBC UNIVERSAL, a
22  Delaware corporation, WARNER
    BROS. ENTERTAINMENT, INC., a
23  Delaware corporation, LEGENDARY
    PICTURES, a California corporation;
24  CHRISTOPHER NOLAN, an
    individual; JONATHON NOLAN, an
25  individual; ANDREW WACHOSKI, an
    individual, LANA WACHOWSKI, an
26  individual; RIO ALL – SUITES

27          [CAPTION CONTINUED]

28

- 1-

Hollins & Associates

1

2  HOTEL AND CASINO – CAESARS
   ENTERTAINMENT CORPORATION,
3  a Nevada Corporation; THORNDAL,
   ARMSTRONG, DELK,
4  BALKENBUSH, & EISINGER, a
   Nevada Corporation, Dr. Robert
5  LEARK, an individual; LAS VEGAS
   METRO POLICE DEPARTMENT;
6  LOS ANGELES SUPERIOR COURT –
   VAN NUYS; U.S. DISTRICT COURT
7  – CENTRAL DISTRICT OF
   CALIFORNIA WESTERN DIVISION;
8  NINTH CIRCUIT COURT OF
   APPEALS; FEDERAL BUREAU OF
9  INVESTIGATIONS, JAMS, INC., a
   California Corporation; MITCHELL,
10 SILBERBERG & KNUPP, a California
   Corporation; FORD HARRISON, LLP,
11 a California Corporation; OXNARD
   POLICE DEPARTMENT; BEVERLY
12 HILLS POLICE DEPARTMENT;
   MICHELLE OBAMA, an individual;
13 BLAKE LIVELY, an individual;
   NANCY PELOSI, an individual; GOLD
14 COAST CAB COMPANY; and JOHN
   AND JANE DOES 1-10, inclusive,
15 Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**                2:18-cv-08604-CJC-ADS

1   TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on January 9, 2019, at 10:00 a.m. or as soon thereafter as the

3   matter may be heard in the above entitled Court, located at the Ronald Reagan Federal Building and

4   United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, Courtroom 6B, 6th Floor,

5   defendant Thorndal Armstrong Delk Balkenbush & Eisinger, a Nevada Corporation( "Defendant" or

6   "Thorndal") will move the Court to dismiss this action against them with prejudice. Defendant's

7   motion is made pursuant to Rules 12(b)(1), 12(b)(6), and 8(a) of the Federal Rules of Civil Procedure

8   and seeks dismissal on the bases: (1) that the claims against Defendant are barred by the doctrines of

9   collateral attack, res judicata and/or collateral estoppel; (2) that the Complaint fails to state a claim

10  upon which relief can be granted in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

11  (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and/or (3) that the majority of Plaintiff's claims

12  are barred by the relevant statute under California Code of Civil Procedure Sections 47(b) and

13  1714.10.

14       This motion is made following Defendants' attempt to meet and confer with Plaintiff pursuant

15  to L.R. 7-3. On November 19, 2018, Defendant's counsel called Plaintiff to request a meet and confer

16  conference at the phone number listed on Plaintiff's  complaint. Defendant's call was sent to

17  voicemail and the message mailbox was full not accepting any more messages.

18       The motion will be based on this Notice of Motion and Motion, the Memorandum of Points

19  and Authorities filed herewith and the pleadings and papers filed herein or located in the Court's files,

20  and such further evidence and arguments as may be presented at or before any hearing on the motion.

21  Dated:  November 27, 2018                    Respectfully submitted,
                                                 HOLLINS & ASSOCIATES
22

23                                     By:    /s/ Byron S. Hollins
                                              Byron S. Hollins
24                                            Attorneys for Defendants
                                              Thorndal  Armstrong  Delk  Balkenbush
25                                            & Eisinger, a Nevada Dorporation

26

27

28

HOLLINS & ASSOCIATES

- 3 -

1     MEMORANDUM OF POINTS AND AUTHORITIES

2   **I. Introduction and Summary of Argument**

3          It is undeniable that once the court reads this Complaint (Doc 1 "Complaint"), Plaintiff

4   (Plaintiff Constantino Basile "Plaintiff") leads one down the rabbit hole of dreams and misdirection.

5   While Plaintiff contends that this is a new lawsuit filed against over 30 parties, it immediately

6   becomes apparent that this is just a rehash of his 5 prior complaints, all dismissed by this court. There

7   is no factual allegation that is new as alleged against Thorndal, that has not already been alleged

8   against all the other parties in the previous 5 actions and is a collateral attack on the judgments already

9   issued in those cases.

10         The Complaint alleges theories of multiple conspiracies that transcends reality among, not the

11  least of, this court, the Ninth Circuit Court of Appeals, a former First Lady, the FBI, the Las Vegas

12  Police Department, Southwest Airlines and on and on and on.

13         The Complaint further alleges theories of unintelligible complaints of copyright infringement,

14  kidnappings, robberies and druggings, all challenging reality and prior court judgements.

15         Plaintiff alleges that "[t]his case arises from the proven and admitted theft and sale of

16  Plaintiff's copyright works . . . ." (Doc 1 ¶42). The Complaint attacks the court's "flawed" dismissals,"

17  (Doc 1  ¶¶ 300-301), and seeks the same infringement damages Plaintiff already litigated and lost.

18         Therefore, this case is barred by the doctrines of collateral attack, res judicata and/or collateral

19  estoppel, and should be dismissed without leave to amend.

20         Additionally, the allegations in the Complaint are simply deficient. Not only does the pleading

21  fail to provide a "short and plain statement of the case" as required by Fed. R. Civ. P. 12(b)(1),

22  12(b)(6), 8(a), but the pleaded causes of action are either baseless on their face, contradict the

23  documents and exhibits attached to or referenced in the Complaint, or simply fail to demonstrate a

24  "plausible" claim, as required by the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550

25  U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

26         In addition the allegations against this defendant are barred by California Civil Code Section

27  47(b)  (Doc 1 ¶¶ 227-249 and 341-348).

28         Finally, as required by California Civil Code Section 1714.10, there is a requirement that the

Hollins & Associates

- 4 -

1  plaintiff obtain a prior court order before filing any claim premised upon an attorney's conspiracy with

2  a client. Plaintiff failed to do this prior to filing this Complaint and therefore this Complaint must be

3  dismissed (Doc 1 - replete throughout).

4  **II.  Legal Standard for a FRCP Rule 12 (b) Motion**

5      FRCP 12(b) provides in relevant part:

6      Every defense to a claim for relief in any pleading must be asserted in the responsive pleading

7  if one is required. But a party may assert the following defenses by motion:

8  (6) failure to state a claim upon which relief can be granted. . . . A motion asserting any of these

9  defenses must be made before pleading if a responsive pleading is allowed. The United States

10  Supreme Court ruled in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that, in order for

11  a complaint to survive a motion to dismiss, a complaint must state "enough facts to state a claim to

12  relief that is plausible on its face."

13      In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Court further explained:

14      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

15  as true, to 'state a claim for relief that is plausible on its face.' A claim has facial "plausibility" when

16  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

17  defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability

18  requirement,' but it asks for more than a sheer possibility that a defendant has acted [wrongfully]. [Id.]

19  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short

20  of the line between possibility and plausibility of 'entitlement to relief.' [Id. at 557]

21      The factual matter on its face must be plausible, not merely possible. See *Ashcroft v. Iqbal*,

22  supra; see also *Bell Atlantic Corp v. Twombly.* ("[T]o survive a motion to dismiss, a complaint must

23  contain sufficient factual matter to state a facially plausible claim to relief."). Ashcroft made clear that

24  Twombly had adopted a distinct, two-pronged approach, for evaluating motions to dismiss for failure

25  to state a claim (129 S.Ct. at1949-1950):

26      First, the tenet that a court must accept as true all of the allegations contained

27      in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of

28      a cause of action, supported by mere conclusory statements, do not suffice.  . . .

Hollins & Associates

- 5-

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES**          2:18-cv-08604-CJC-ADS

1    Second, only a complaint that states a plausible claim for relief survives a motion to

2    dismiss. Determining whether a complaint states a plausible claim for relief will … be

3    a context specific task that requires the reviewing court to draw on its judicial

4    experience and common sense … But where the well-pleaded facts do not permit the

5    court to infer more than the mere possibility of misconduct, the complaint has alleged

6    – but it has not shown – 'that the pleaders is entitled to relief.' [Citing FRCP 8(a)(2).]

7    It is quite clear that when reading the 374 paragraph, 199 page Complaint (Doc 1), that there

8    is no intelligible, factually plausible truthful allegation that doesn't confuse reality with fiction. The

9    "factual allegations" in the Complaint are not consistent, cohesive or plausible, let alone set forth any

10    cause of action against this Defendant.

11    Dismissal under Rule 12(b)(6) is proper where, as here, there is a lack of a cognizable legal

12    theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica*

13    *Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988) (overruled on other grounds); *Robertson v. Dean*

14    *Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

15    In  resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light

16    most favorable to the plaintiff; and (2) accept all well-pleaded factual allegations as true.

17    *McNamara-Blad v. Association of Professional Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir.

18    2002). However, the court need not accept as true unreasonable inferences, unwarranted deductions

19    of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council*

20    *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th

21    Cir. 1968).

22    Beyond the face of the complaint and any items attached thereto, the court may also consider:

23    (1) documents identified in the complaint that were not attached but are central to the plaintiff's

24    claims; (2) court records and other public records; and (3) matters judicially noticeable under Federal

25    Rule of Evidence 201. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Lee v. Los*

26    *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

27    If it appears that the plaintiff can prove no set of facts in support of the claims which would

28    entitle the plaintiff to relief, dismissal with prejudice is appropriate. *Conley v. Gibson*, 355 U.S. 41

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**          2:18-cv-08604-CJC-ADS

1   (1957); *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir.1997).  In that same vein, a

2   dismissal with prejudice is appropriate if amendment of the complaint in an effort to correct its

3   deficiencies would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).  As set forth, the

4   instant action presents such a case.

5         Therefore, Plaintiff's Complaint fails to state a claim upon which any relief can be granted and

6   therefore must be dismissed against Defendant Thorndal.

7   **III. Plaintiff's Claims are Barred by the Doctrines of Collateral Attack, Res Judicata and/or**

8   **Collateral Estoppel**

9         A. The Doctrine of Collateral Attack Bars Plaintiff's Action

10        "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of

11  other courts." *Rein v. Providian Financial  Corp.*, 270 F.3d 895, 902 (9th Cir. 2001).

12        Not much need be said in relation to this. It is clear that reading the Complaint, Plaintiff attacks

13  the Courts rulings and decisions in the infringement actions (Doc 1 ¶ 301), conspiracy related to the

14  copyright actions with the Court (Doc 1 ¶¶ 42 and 210-217) and Plaintiff asks for "Damages" related

15  to those actions (Doc 1 ¶ 371).

16        Therefore this Complaint must be dismissed on the Doctrine of Collateral Attack.

17        B. The Doctrines of Res Judicata and Collateral Estoppel Bar Plaintiff's Action

18        "The doctrine of res judicata provides that a final judgment on the merits bars further claims

19  by parties or their privies based on the same cause of action," and "is central to the purpose for which

20  civil courts have been established, the conclusive resolution of disputes within their jurisdiction."

21  *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (quotations omitted).

22  The elements of res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3)

23  privity between parties." Id. at 1052.

24        Once again, it is clear that even a simple reading of the caption in this action, many of  the

25  same parties are involved in this action as were involved in the prior 5 actions Plaintiff filed and lost.

26        In addition, the doctrine of "nonmutual collateral estoppel" also precludes Plaintiff from

27  relitigating his failed claims. See *Syverson v. Int'l Business Machine Corp.*, 472 F.3d 1072, 1078 (9th

28  Cir. 2007) (holding that "nonmutual issue preclusion" applies where "(1) there was a full and fair

1   opportunity to litigate the identical issue …; (2) the issue was actually litigated … (3) the issue was

2   decided in a final judgment … and (4) the party against whom issue preclusion is asserted was a party

3   or in privity with a party to the [Infringement Actions]").

4        This action involves the same transactional nucleus of facts as the 5 prior cases that Plaintiff

5   lost. They involve the copyright violation, infringement issues and damages, all lost.

6        Therefore, this Complaint must be dismissed on the Doctrines of Res Judicata and Collateral

7   Estoppel.

8   **IV. Plaintiff's Complaint is Barred by California Civil Code Section 47(b)**

9        California Civil Code Section 47(b) provides an absolute privilege for "any publication or

10  broadcast" made in any judicial proceeding.  This privilege has been given an "expansive reach," and

11  includes any communications that bear "some relation to any ongoing or anticipated lawsuit." *Rubin*

12  *v. Green*, 4 Cal. 4th 1187, 1193-1194.  Furthermore, it applies to a wide range of causes of action, Id.

13  at 1194.  This privilege applies to "any communication that bears some relation to an ongoing or

14  anticipated lawsuit." *Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 900 (E.D. Cal. 2006) (quoting

15  *Robin v. Green*, 4 Cal.4th 1187, 1194 (1993)).  Such communication necessarily includes

16  communicative acts as well as oral statements.  Id.

17       Here, the entirety of the complaint arises out of the communications related to Defendant

18  Thorndal's representation of Southwest Airlines in litigation in the USDC Action filed in Las Vegas

19  (*Basile v. Southwest Airlines* USDC  District of Nevada 15-CV-01883).  To the extent it can be

20  gleaned from the Complaint – Plaintiff takes issue with any and all communications Defendants may

21  have had with the other defendants in this case and Plaintiff.  Those communications  are subject to

22  the protections of section 47(b), because they took place during the pendency and in connection with

23  the prosecution/defense of the USDC District of Nevada Action, which was a judicial proceeding

24  before the United States District Court in Nevada.

25       Because Defendants' communicative acts in Plaintiff's prior lawsuit were all "publications or

26  broadcasts by an attorney made during judicial proceedings," they are subject to the absolute privilege

27  in Section 47(b).  The Complaint fails to state a claim upon which relief can be granted and must be

28  dismissed with prejudice. Accordingly, the entirety of this action is barred by section 47(b).

Hollins & Associates

- 8 -

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**          2:18-cv-08604-CJC-ADS

**V. The Entirety of Plaintiff's Complaint is Barred by California Civil Code Section 1714.10**

The entirety of Plaintiff's Complaint is barred by the prefiling requirement of California Civil Code §1714.10, which requires a plaintiff to obtain a prior court order prior to filing any claim premised upon an attorney's conspiracy with a client:

"No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." Cal Civ. Code §1714.10(a).

The purpose of California Civil Code Section 1714.10 is to discourage frivolous claims accusing attorneys of conspiring with their clients to harm others. *Klotz v. Milbank, Tweed, Hadley, & McCloy* (2015) 238 Cal. App. 4th 1339, 1350. Failure to seek such an order is a complete defense to the filing of any action for civil conspiracy, and may form the basis of a motion to strike. Cal. Civ. Code 1714.10(b). Section 1714.10 is: "applicable to the entirety of the plaintiff's complaint, 'without regard to the labels attached to the causes of action or whether the word "conspiracy" – having no talismanic significance – appears in them. The particular allegations throughout [the plaintiff's] entire complaint of the union of conduct between attorney and client arising out of the legal representation, the absence of other allegations of independent conduct by [the defendant's attorney], and the incorporation of conspiracy allegations into every cause of action, more than suffice to subject all the claims against [the attorney] to the initial coverage of section 1714.10, as provided in subdivision (a).'" Klotz, supra 238 Cal.App.4th at 1350-1351 [citations].

Here, Plaintiff's Complaint for "conspiracy " wherein he re-alleges his theories regarding the purported suppression of facts regarding his copyright infringement, kidnapping, defamation, prior judgements and wrongs.

Thus, all of Plaintiff's causes of action fall squarely within the coverage of this provision, as they are arise from and are incorporated into this purported conspiracy between Defendants and everyone else. Accordingly, because all of the causes of action and allegations are incorporated by the

1   conspiracy cause of action, they are subject to the provisions of section 1714.10, and are barred,

2   because Plaintiff failed to obtain a court order prior to filing them.

3       The exceptions to the prefiling requirement are contained in section 1714.10(c), which states

4   that: "This section shall not apply to a cause of action against an attorney for a civil conspiracy with

5   his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the

6   attorney's acts go beyond the performance of a professional duty to serve the client and involve a

7   conspiracy to violate a legal duty in furtherance of the attorney's financial gain."

8       The "independent duty" exception has been interpreted to "obviously" apply to relationships

9   "beyond that of attorney-client." *Klotz*, supra 238 Cal.App.4th at 1351 [citations]. In order for that

10  exception to apply, the attorney must have engaged in "conduct beyond the provision of legal

11  services." Id. at 1352. The second exception means that through the alleged conspiracy, the attorney

12  received financial advantage beyond the normal legal fees received in exchange for representation.

13  Id. at 1351.

14      Thus in *Klotz*, supra, a civil conspiracy claim against a law firm and an attorney was subject

15  to the prefiling requirements of section 1714.10(a) and the two exceptions were inapplicable. Id. at

16  1351 - 1352. There, the FAC did not allege any duty of the attorney / law firm "beyond the duty

17  inherent in the rendition of services of an attorney to a client, nor [did] it allege any financial gain that

18  goes beyond that to be realized through compensation paid for professional legal services." Id. at

19  1352.

20      Indeed, the existence of an attorney-client relationship between the attorney-defendant and the

21  plaintiffs "is not determinative of whether a conspiracy claim against those defendants survives a

22  motion to strike." Ibid. In *Klotz*, supra, the allegations were based on "an allegedly harmful conflict

23  of interest and did not arise out of the breach of any duty independent of the attorney client

24  relationship, but instead arose in the course of the provision of services in connection with the

25  settlement of a claim or dispute..." and thus could not be the basis of a conspiracy claim. Ibid. Nor

26  did the plaintiffs plead financial gain beyond normal legal fees. Ibid. Thus, the action for conspiracy

27  was stricken. Id. at 1353.

28      Claims for aiding and abetting fall within Section 1714.10. *Berg & Berg Enters., LLC v.*

HOLLINS & ASSOCIATES

1    *Sherwood*, 131 Cal.App.4th 802, 823 n.10 (2005).

2           Section 1714.10(b) provides that a plaintiff's failure to obtain such an advance order from the

3    court is an absolute defense properly raised in a motion to dismiss. The defense is similarly recognized

4    to civil conspiracy claims brought in federal court. *Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 909

5    (E.D. Cal. 2006).

6           Here, the facts are similar and Plaintiff's claims are not exempt from the prefiling requirement.

7    Defendant Thorndal did not have an independent duty to Plaintiff, they represented Defendant

8    Southwest Airlines in litigation filed by Plaintiff Basile as against Southwest. Neither does the

9    complaint allege anywhere that this purported conspiracy to defraud Plaintiff was for the purpose of

10   financial gain beyond normal legal fees. Thus, all of Plaintiff's causes of action against Defendant

11   Thorndal, having their basis in conspiracy, are barred by the prefiling requirement of section 1714.10.

12   **VI. Conclusion**

13          Therefore, Plaintiff's action should be dismissed pursuant to Rules 12(b)(1), 12(b)(6), and 8(a)

14   of the Federal Rules of Civil Procedure and seeks dismissal on the bases: (1) that the claims against

15   Defendant are barred by the doctrines of collateral attack, res judicata and/or collateral estoppel; (2)

16   that the Complaint fails to state a claim upon which relief can be granted in accordance with *Bell*

17   *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and/or

18   (3) that the majority of Plaintiff's claims are barred by the relevant statute under California Code of

19   Civil Procedure Sections 47(b) and 1714.10.

20

21   Dated:  November 27, 2018                    Respectfully submitted,
                                                   HOLLINS & ASSOCIATES
22

23                                                 By:    /s/ Byron S. Hollins
                                                          Byron S. Hollins
24                                                        Attorneys for Defendants
                                                          Thorndal Armstrong Delk Balkenbush
25                                                        & Eisinger, a Nevada Dorporation

26

27

28

Hollins & Associates

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES**          2:18-cv-08604-CJC-ADS

1

CERTIFICATE OF SERVICE

2

DEFENDANT THORNDAL  ARMSTRONG DELK BALKENBUSH & EISINGER NOTICE OF

3

MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES on

4

the interested parties in this action by placing  an original copy thereof enclosed in a sealed envelope

5

addressed as follows:

6

7
Constantino Basile
4104 Baltic Street
Oxnard, CA 93035

8

9
XXX (BY FIRST CLASS MAIL) I caused such envelope with postage thereon fully prepared to be

10
placed in the United States mail at Calabasas, California. I am "readily familiar" with the firm's

11
practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal

12
Service on that same day in the ordinary course of business. I am aware that on motion of the party

13
served, service is presumed invalid if postal cancellation date or postage meter date is more than one

14
day after date of deposit for mailing in affidavit.

15
XXX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose

16
direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

17
Executed on November 27, 2018, at Calabasas, California

18
                                        /s/ Erika Perez
                                                   Erika Perez
19

20

21

22

23

24

25

26

27

28

Hollins & Associates

**DEFENDANT THORNDAL ETC NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**                    2:18-cv-08604-CJC-ADS